EMMA LUEVANO (SBN 198421)
eyl@msk.com
ZACHARY L. SPEAR (SBN 306859)
zls@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
THE WALT DISNEY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE JARAMILLO, an individual,<br><br>       Plaintiff,<br><br>  v.<br><br>THE WALT DISNEY COMPANY, and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO. 2:21-cv-7088<br><br>**DEFENDANT THE WALT DISNEY COMPANY'S NOTICE OF REMOVAL**<br><br>(Removed from LASC Case No. 21STCV28212)<br><br>(Federal Question Jurisdiction: 28 U.S.C. §§ 1331, 1441)<br><br>[*Civil Cover Sheet, Declaration of Emma Luevano, and Certificate of Interested Parties and Corporate Disclosure Statement filed concurrently herewith*] |

Mitchell Silberberg & Knupp LLP

**NOTICE OF REMOVAL**


**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF STEPHANIE JARAMILLO AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant The Walt Disney Company (hereinafter "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1331, 1367, and 1441.  Pursuant to 28 U.S.C. Section 1446(d), removal of this action is effective upon notice and will immediately and automatically terminate all proceedings in the Superior Court for the County of Los Angeles.  Defendant's removal of this action is proper for the reasons set forth below.

1. <u>Federal Question Jurisdiction</u>:  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, as it is an action arising under federal law.  As set forth in greater detail below, and according to the allegations on the face of Plaintiff's Complaint, this action arises under the laws of the United States; namely, the Family Medical Leave Act, 29 U.S.C Section 2601, *et seq.* ("FMLA"), which forms a substantial component of Plaintiff's claims.

2. On or about August 2, 2021, Plaintiff Stephanie Jaramillo ("Plaintiff" or "Jaramillo"), filed a Complaint captioned *Stephanie Jaramillo v. The Walt Disney Company, et al.*, Case No. 21STCV28212, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

3. Plaintiff's Complaint alleges five causes of action: (1) violation of the FMLA, 29 U.S.C Section 2615(a)(1); (2) disability discrimination in violation of the Fair Employment and Housing Act, California Government Code Section 12940(a); (3) gender discrimination in violation of California Government Code Section 12940(a); (4) retaliation in violation of California Government Code Section 12940(h); and (5) retaliation in violation of California Government Code Section 12945.2.

4. <u>Removal is Timely</u>:  On August 4, 2021, Defendant's designated corporate agent for service of process was personally served with copies of the Summons and Complaint in the State Court Action.  This Notice of Removal therefore is timely under 28 U.S.C. Section 1446(b), as it is being filed within 30 days of service of the Complaint on Defendant.

5. Defendant is informed and believes that no "Doe" defendant has been identified and therefore no other defendant has been served with a copy of the Summons and/or the Complaint.  This action may be removed by Defendant to federal court pursuant to 28 U.S.C. Section 1441.

6. <u>Copies of All Process, Pleadings, and Orders</u>:  To the best of Defendant's knowledge, the pleadings and documents filed and/or served in the State Court Action consist of:

(a) The Complaint, filed on August 2, 2021 and served on Defendant on August 4, 2021, which is attached as Exhibit A to the Declaration of Emma Luevano ("Luevano Declaration"), filed concurrently herewith;

(b) The Summons issued on August 2, 2021, and served on Defendant on August 4, 2021, which is attached as Exhibit B to the Luevano Declaration (along with the Complaint);

(c) The Civil Case Cover Sheet and the Notice of Case Assignment – Unlimited Civil Case, filed on August 2, 2021, obtained through Westlaw as it does not appear that Defendant was served with these documents and attached as Exhibits C and D, respectively, to the Luevano Declaration;

(d) The Notice of Case Management Conference, filed on August 3, 2021, obtained through Westlaw as it does not appear that Defendant was served with this document and attached as Exhibit E to the Luevano Declaration;

(e) The Challenge to Judicial Officer – Peremptory (170.6), filed by Plaintiff on August 4, 2021, obtained through Westlaw as it does not appear that

Defendant was served with this document and attached as Exhibit F to the Luevano Declaration;

(f) The Minute Order (Court Order), Notice of Case Reassignment/Vacate Hearings, and Certificate of Mailing for (Court Order) filed by the state court on August 10, 2021, obtained through Westlaw as it does not appear that Defendant was served with these documents and attached as Exhibits G, H, and I, respectively, to the Luevano Declaration;

(g) The Notice of Case Management Conference, filed by the state court on August 11, 2021, obtained through Westlaw as it does not appear that Defendant was not served with this document and attached as Exhibit J to the Luevano Declaration; and

(h) Defendant's Answer, filed and served on Plaintiff on August 31, 2021, which is attached as Exhibit K to the Luevano Declaration.

Accordingly, complete copies of all process, pleadings, and orders served upon Defendant in the State Court Action, along with other pleadings and orders not yet served on Defendant, are attached as Exhibits A to K to the Luevano Declaration, pursuant to 28 U.S.C. Section 1446(a).

7. <u>Venue</u>: The Complaint is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 (federal question jurisdiction), and is one which may be removed to this Court pursuant to 28 U.S.C. Section 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). The Los Angeles County Superior Court is located within the Central District of California. Accordingly, removal to the United States District Court for the Central District of California is proper. *See* 28 U.S.C. § 1441(a).

8. <u>Federal Law is a Substantial Component of Plaintiff's Complaint</u>: Plaintiff incorporates all of her state law claims into her FMLA cause of action. *See* Complaint, ¶ 34 (Exhibit A to Luevano Decl.) ("Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein."). Plaintiff's complete incorporation of allegations necessarily includes her "General Allegations," which set forth the same common facts as to all causes of action. *See* Complaint, ¶¶ 6-16 (Exhibit A to Luevano Decl.). The Complaint repeatedly alleges that Defendant purportedly took certain adverse actions, culminating in furloughing and finally terminating Plaintiff's employment, due solely to her alleged "occasional[]" and "intermittent[]" usage or attempted usage of "medical leave" related to childcare. *See* Complaint, ¶¶ 7 ("single mother [and] primary caregiver of her son [who has] a disability"); 8 ("medical leave" taken under "the Family and Medical Leave Act"); 9 ("leave"); 10 ("medical leave"); 11 ("medical leave"); 12 ("medical leave") (Exhibit A to Luevano Decl.). The federal FMLA pervasively underlies *all* of Plaintiff's claims and shares the same operative facts as her state law claims. A significant federal interest exists to enforce purported violations of the FMLA. This entire action, therefore, may be properly removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(b).

9. <u>Supplemental Jurisdiction</u>: As discussed above, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. Section 1331 because it is a civil action "arising under the Constitution, laws, or treaties of the United States." This Court further has supplemental jurisdiction over Plaintiff's state law claims for disability discrimination (First Cause of Action), gender discrimination (Second Cause of Action), and retaliation (Third and Fourth Causes of Action) because those state law claims are "so related to [the federal FMLA] claims . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

10. Based on the above, this Court has both original and supplemental jurisdiction over this federal question action pursuant to 28 U.S.C. Section 1331, and removal is appropriate pursuant to 28 U.S.C. Section 1441(a).

11. <u>Venue within this District</u>: Removal is proper to the Central District of California, Western Division because the State Court Action was filed in Los Angeles County, California.

12. <u>Notice to Adverse Parties and State Court</u>: A written notice as required by 28 U.S.C. Section 1446(d) addressed to the adverse party and to the Clerk of the Superior Court for Los Angeles County, California will be filed promptly in the state court and served on Plaintiff's counsel upon the filing of this Notice of Removal.

DATED: September 2, 2021          Respectfully submitted,

              MITCHELL SILBERBERG & KNUPP LLP
              EMMA LUEVANO
              ZACHARY L. SPEAR


              By: /s/ Emma Luevano
                Emma Luevano
                Attorneys for Defendant
                THE WALT DISNEY COMPANY

Mitchell Silberberg & Knupp LLP

6
NOTICE OF REMOVAL