# EXHIBIT A

Case 2:21-cv-07088-PLA   Document 2-1   Filed 09/02/21   Page 1 of 8   Page ID #:11

21STCV28212

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Electronically FILED by Superior Court of California, County of Los Angeles on 08/02/2021 10:09 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

RAHUL SETHI (SBN 238405)
*rahulsethi@sethiworks.com*
SETHI LAW FIRM
5015 Eagle Rock Blvd., Suite 202
Los Angeles, CA 90041
T: (213) 254-2454

Attorneys for Plaintiff, STEPHANIE JARAMILLO

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| STEPHANIE JARAMILLO, <br><br> Plaintiff, <br><br> vs. <br><br> THE WALT DISNEY COMPANY, and DOES 1 through 10, Inclusive; <br><br> Defendants. | Case No.: 21STCV28212 <br><br> COMPLAINT: <br><br> 1. Disability Discrimination in Violation of Gov't Code § 12940(a) <br> 2. Gender Discrimination in Violation of Gov't Code § 12940(a) <br> 3. Retaliation in Violation of Gov't Code § 12940(h) <br> 4. Retaliation in Violation of Gov't Code § 12945.2 <br> 5. Violation of 29 U.S.C. § 2615(a)(1) <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Stephanie Jaramillo hereby alleges:

### PRELIMINARY FACTS

1. Plaintiff Stephanie Jaramillo ("Jaramillo or "Plaintiff") is, and at all relevant times mentioned herein was, an individual residing in Los Angeles County.

2. Defendant The Walt Disney Company ("Disney" or "Defendant") is, and at all relevant times mentioned herein, was a corporation formed pursuant to Florida law. Disney maintains offices throughout California, including Burbank, Los Angeles County.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued as

- 1 -

DOES 1 through 10, inclusive, and therefore sue said defendants by those fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

4. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

5. Los Angeles Superior Court is the proper venue because the claims and injuries occurred in Los Angeles County.

## GENERAL ALLEGATIONS

6. On or about November 15, 2007, Jaramillo began working for Disney as a staff assistant. On or about September 21, 2014, Jaramillo was transferred to the technology infrastructure associate position at Walt Disney Imagineering. At all relevant times mentioned herein, Jaramillo ably and competently performed her job duties. Jaramillo received good reviews and praise such as in November 14, 2017 when a manager stated, "Stephanie has been a godsend."

7. Jaramillo is, and at all relevant times mentioned herein, was a single mother. Jaramillo's son has conditions that constitute a disability under Gov't Code § 12926(o). Jaramillo as mother and primary caregiver of her son is associated with a person with a disability.

8. On or about August 2018, Jaramillo requested and was granted intermittent medical leave to take care of her son. This medical leave was pursuant to California's Family Rights Act and/or the Family and Medical Leave Act.

9. Jaramillo began using her leave occasionally and intermittently. Due to the nature of her son's conditions, Jaramillo would not typically have advance knowledge on the need for the intermittent leave.

-2-

10. When Jaramillo's boss at the time, Milin Trivedi, first discussed the medical leave with Jaramillo, he told her, referring to the leave, "It's okay, it's for a year." At this time, the relationship with Trivedi was okay. Jaramillo confided to Trivedi her son had health conditions and he seemed be receptive for her need to take intermittent leave.

11. On or about August 2019, Jaramillo extended her intermittent medical leave for another year. When Jaramillo discussed the extension with Trivedi, he told her, "I guess I can't say no." Trivedi became angry, antagonistic and began to retaliate against Jaramillo.

12. Trivedi vented his frustration with Jaramillo's intermittent medical leave by making comments such as "You're hardly ever here," and "You don't work that much." Whenever Jaramillo returned from taking a medical leave, Trivedi would give her a hard time, unnecessary criticism, and would micromanage Jaramillo. Trivedi held Jaramillo to different standards than the other infrastructure associates.

13. In dealings with co-workers, Trivedi would treat males much better than women. Trivedi's interactions with women, including Jaramillo, were completely different than interactions with males. On or about October 17, 2019, Jaramillo complained to human resources about gender discrimination. Plaintiff is informed and believes and thereon alleges numerous other women that have reported to Trivedi have made complaints to Disney regarding his treatment of women.

14. Trivedi isolated Jaramillo from other team members and did not invite her to team meetings despite her presence in the office. In 2019, Trivedi did not give Jaramillo a merit pay increase, which she had received each year since beginning her employment at Disney.

15. On or about April 19, 2020, Disney furloughed Jaramillo. Jaramillo was the only infrastructure associate furloughed. Jaramillo is informed and believes and thereon alleges at some point thereafter, Disney hired a person to undertake the information associate position. On or about December 5, 2020, Disney terminated Jaramillo's employment.

16. Jaramillo timely exhausted his administrative remedies by filing a DFEH complaint and obtaining a right-to-sue notice.

**FIRST CAUSE OF ACTION**
Disability Discrimination in Violation of Gov't Code § 12940(a)
(Against All Defendants)

17. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

18. At all relevant times mentioned herein, Defendant was an employer within the meaning of California's Fair Employment and Housing Act. Plaintiff was an employee covered and protected under the Act.

19. Defendant did not provide a merit pay increase for Plaintiff in 2019 and Defendant terminated Plaintiff's employment substantially because of her association with a person who is disabled, her son.

20. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

21. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to *Civil Code* § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

**SECOND CAUSE OF ACTION**
Gender Discrimination in Violation of Gov't Code § 12940(a)
(Against Defendants)

22. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

23. Defendant did not provide a merit pay increase for Plaintiff in 2019 and Defendant terminated Plaintiff's employment substantially because she is a woman.

24. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

25. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to *Civil Code* § 3294, Plaintiff seeks

exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

### THIRD CAUSE OF ACTION
Retaliation in Violation of Gov't Code § 12940(h)
(Against Defendants)

26. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

27. Plaintiff engaged in protected activity under FEHA when she complained about gender discrimination to human resources. Defendant did not provide a merit pay increase for Plaintiff in 2019 and Defendant terminated Plaintiff's employment substantially because of her protected complaint.

28. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

29. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to *Civil Code* § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

### FOURTH CAUSE OF ACTION
Retaliation in Violation of Gov't Code § 12945.2
(Against Defendants)

30. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

31. The California Family Rights Act, Government Code § 12945.2 *et seq.*, applied to Defendant. Plaintiff was eligible for protected medical leave. Plaintiff took protected medical leave. Defendants terminated Plaintiff's employment substantially because she took protected leave.

32. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

33. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to *Civil Code* § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b). Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

### FIFTH CAUSE OF ACTION
Violation of 29 U.S.C. § 2615(a)(1)
(Against Defendants)

34. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

35. The Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, applied to Defendant and Plaintiff, at all relevant times mentioned herein, was eligible for the benefits of this law. 29 U.S.C. § 2615(a)(1) makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA. 29 C.FR. § 825.220 states that an employer using the employee's taking FMLA leave as a negative factor in an employment decision constitutes interference and restraint of FMLA rights.

36. Defendant used Plaintiff's taking of FMLA leave as a negative factor in an employment decision.

37. As a direct and proximate result, Plaintiff suffered economic damages.

38. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to 29 U.S.C. § 2617, Plaintiff seeks liquidated damages and reasonable attorneys' fees, costs and expert costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, in an amount to be proven at trial.
2. For punitive damages.
3. For liquidated damages.

4. For statutory attorneys' fees and costs.

5. For declaratory relief.

6. For injunctive relief.

7. Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

Dated: July 29, 2021                    SETHI LAW FIRM

By *Rahul Sethi*
Rahul Sethi
Attorneys for Plaintiff, STEPHANIE JARAMILLO

## DEMAND FOR JURY TRIAL

Plaintiff Stephanie Jaramillo hereby demands trial by jury.

Dated: July 29, 2021                    SETHI LAW FIRM

By *Rahul Sethi*
Rahul Sethi
Attorneys for Plaintiff, STEPHANIE JARAMILLO

-7-

COMPLAINT